UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRED REEVES,

      Plaintiff,

v.

J. GREENFIELD, L. GILMAN,
D.HALL, E. HUSS, D. MACKEY,
SGT. PIERCE, A. VROMAN, and
W. SMITH,

      Defendants.
_____/

Case No. 5:04-CV-193

HON. GORDON J. QUIST

**ORDER REJECTING REPORT AND RECOMMENDATION AND
DENYING DEFENDANTS' MOTION TO DISMISS**

    The Court has before it Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 17, 2006, in which the magistrate recommended that Defendants' motion to dismiss Plaintiff's complaint be granted. This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. After conducting a *de novo* review of the magistrate's report and recommendations, the Court will reject the magistrate's recommendation and deny Defendants' motion to dismiss.

    On November 5, 2004, Plaintiff, a Michigan state prisoner, filed a claim pursuant to 42 U.S.C. § 1983, alleging that officers at the Ionia Correctional Facility ("ICF") assaulted him in retaliation for filing a lawsuit and grievances against ICF officers. Specifically, the complaint alleges that on February 9, 2004, Officers Hall and Greenfield assaulted him by slamming his head up against a wall and told him that if he "did not stop it with the lawsuits, grievances, and using staff social security numbers [he] would get [his] black ass killed." On March 24, 2005, Defendants filed

a motion to dismiss Plaintiff's complaint. Thereafter, Plaintiff filed an "affidavit in opposition to Defendants motion to dismiss." (*See* Reeves Aff.) In his affidavit, Plaintiff more fully recounted the factual bases for his retaliation claim.

On April 8, 2003, Plaintiff explained, he filed a civil complaint against fifty-one ICF staff members. (*Id*. at ¶ 15.) "On a daily basis," Plaintiff alleges, he "was being threatened by the defendants and other staff that if [he] did not drop the lawsuit and filing grievances, [he] would be assaulted when the time was right." (*Id*. at ¶ 16.) Plaintiff claims that although he notified Defendants Smith, Gilman, Huss, Vroman, and Mackey of the threats he received, they failed to take any remedial actions. (*Id*. at ¶ 17.) Rather, Plaintiff alleges, they "would say things like, 'you brought this on yourself; you need to drop the lawsuits and do your time.'" (*Id*. at ¶ 18.) On February 7, 2004, Plaintiff alleges that Defendants Hall and Greenfield came to his cell and told Plaintiff to "come out for a shakedown and a[n] 'ass whipping.'" (*Id*. at ¶ 19.) Plaintiff explained that he refused to come out his cell. (*Id*.) On February 9, 2004, Plaintiff alleges that Defendants Hall and Greenfield again came to his cell and ordered him to come out for a "shakedown and an ass whipping." (*Id*. at ¶ 20.) Plaintiff explains that he told Defendants Hall and Greenfield that he would only come out if Sgt. Pierce were present. (*Id*.) Sgt. Pierce arrived and escorted Plaintiff down to the day room. (*Id*. at ¶¶ 21-22.) However, Plaintiff alleges, when Sgt. Pierce left, Defendants Hall and Greenfield began to assault him by pushing his head up against a wall. (*Id*. at ¶ 24.) During the assault, Plaintiff asserts, Defendants Hall and Greenfield told him that if he "did not drop the lawsuit that was pending and filing grievances as well as using staff social security numbers," he would get himself killed. (*Id*. at ¶ 25.)

The magistrate noted that this Court has issued an injunction against Plaintiff concerning his filing of claims in this Court. In issuing the injunction, the Court explained:

2

> For a period of roughly two years, this prisoner plaintiff has been attempting to pursue lawsuits in federal court against large groups of defendants based upon an extraordinarily lengthy series of unrelated claims. Plaintiff's now well-established pattern is to file many claims in an initial complaint against a large group of defendants. Almost immediately after the complaint is filed, plaintiff files his first amended complaint against an even larger group of defendants on additional claims. Later, plaintiff will seek leave to further amend his complaint . . . to add additional layers of claims against still more defendants. . . . [Consequently, P]laintiff's omnibus complaints . . . effectively bypass the . . . requirement that a prisoner pay the applicable filing fee for each lawsuit, by the expedient of combing his unrelated events into an unmanageable mass.

*Reeves v. Smith et al.,* No. 4:03-cv-50, slip op. 69-70 (W.D. Mich. March 31, 2004.) In light of the foregoing, the Court entered an order requiring Plaintiff in any future lawsuit to, among other things, "limit his complaint to claims arising out of a common nucleus of fact."

The magistrate recommended that this Court dismiss Plaintiff's complaint on the ground that it failed to comply with the injunction's requirement that Plaintiff limit his complaint to claims arising out of a common nucleus of fact. Specifically, the magistrate opined that Plaintiff's affidavit sets out various unrelated claims that occurred over a ten month period and involved an assortment of corrections officers. The magistrate concluded that "Plaintiff's allegation that these events were triggered by the retaliatory motives of various corrections officers is insufficient to demonstrate a common nucleus of fact." Plaintiff objects to this conclusion.

The Court concludes that Plaintiff's complaint and affidavit set out a claim that arises out of a common nucleus of fact and thus complies with this Court's injunction. First, Plaintiff does not set out various unrelated claims in his complaint and affidavit. Rather, he presents only one claim: namely, that he was retaliated against for engaging in protected conduct. Second, the fact that the alleged retaliatory acts occurred over a ten-month period and involved a number of corrections officers does not lead to the conclusion that Plaintiff's complaint involves claims that do not arise out of a common nucleus of fact. The acts committed by the defendants were all done, allegedly,

3

in retaliation for Plaintiff having filed a lawsuit on April 8, 2003, against fifty-one ICF staff members. Plaintiff is not expected to break this claim into separate causes of action against each individual defendant for each individual act of retaliation. It was not the purpose of the injunction to create this result; rather, the injunction was issued to remedy the problem faced by this Court of being confronted with an extraordinary number or unrelated claims. That does not exist here.

In the alternative, the magistrate recommended granting Defendants' motion to dismiss on the ground that Plaintiff's complaint fails to state a claim. To state a retaliation claim under 42 U.S.C. § 1983, a plaintiff must first show that he engaged in protected conduct. The magistrate notes that Plaintiff alleged in his complaint that Defendants Hall and Greenfield told him that if he "did not stop it with the lawsuits, grievances, and using staff social security numbers," he would get his "black ass killed." The magistrate concluded that Plaintiff failed to engage in protected conduct when he used ICF staff members' social security numbers. Although this is unquestionably true, Plaintiff claims that he was retaliated against for filing a lawsuit and grievances, which, undeniably, is protected conduct.

Although Defendants may argue that Plaintiff was retaliated against for using staff social security numbers and not for his protected conduct of filing lawsuits and grievances (and thus, perhaps, states a battery claim, rather than a § 1983 retaliation claim), this goes to the causation element of a retaliation claim (that the adverse action was taken at least in part because of the exercise of protected conduct). Since, in considering a 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true, the Court cannot grant Defendants' motion to dismiss where Plaintiff alleges that he was retaliated against, not simply for using staff social security numbers, but also for engaging in protected conduct. Accordingly,

4

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 42) dated January 17, 2006, is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket no. 31) is **DENIED**.


Dated:  April 5, 2006                                  /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE