UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

       Plaintiff,                     Case No.  5:04-CV-193

v.                                          Hon. Robert J. Jonker

GREENFIELD, et al.,

       Defendants.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 118) filed on November 15, 2007.  Defendants filed their Objection to the Report and Recommendation (docket # 121) on December 4, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; Defendants' objections; and Plaintiff's response.  After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Defendants argue that they are entitled to summary judgment because Plaintiff's declaration is self-serving, contrary to the documentary evidence, and cannot be believed. Summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The corollary to this rule is that a moving party who has the burden of proof at trial must show sufficient evidence to establish all of the essential elements of that party's case. *Id.* at 331 (Brennan, J., dissenting) ("If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." (citing 10A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2727)).  The nonmoving party in such circumstances can survive the motion by either pointing out an insufficiency in the evidence presented by the moving party or by

presenting affirmative evidence to dispute the moving party's evidence. *Id.* In short, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; the nonmoving party can defeat the motion by pointing to evidence that demonstrates a genuine issue of material fact. *Id.* at 322 (majority opinion). In deciding the motion, the Court views the evidence and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendants do not present any evidence to establish the essential elements of their affirmative defense. Instead, Defendants ask this Court to make an impermissible credibility determination. Defendants attack Plaintiff's veracity and ask the Court not to believe Plaintiff's "self-serving" declaration. A moving party who bears the burden of proof at trial is not entitled to summary judgment simply because it argues in its brief that the nonmoving party should not be believed. The Court on a defense motion for summary judgment, may not choose to disbelieve Plaintiff's declaration. Even if there were opposing evidence in the record—and there is not—the Court would not be able to credit conflicting testimony over the statements in Plaintiff's declaration. That is the nature of a summary judgment motion. To survive summary judgment a nonmoving party need only point to evidence that demonstrates the existence of a genuine issue of material fact. The existence of competing versions of facts quite clearly establishes a "genuine issue of material fact" that requires a court to deny a motion for summary judgment; "summary judgment is not a substitute for

the trial of disputed fact issues." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KAYNE, FEDERAL PRACTICE AND PROCEDURE § 2712 (3d ed. 1998).

Because Defendants have failed to show the absence of a genuine issue of material fact such that they are entitled to judgment as a matter of law, they are not entitled to summary judgment. In this case there is a genuine issue of material fact: the record contains a sworn declaration from Plaintiff that, as explained in the Report and Recommendation, states sufficient facts to establish proper exhaustion. A jury might ultimately choose not to believe the statements in Plaintiff's declaration, but that is beside the point on summary judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 21, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 109) is DENIED.

Dated:   January 17, 2008          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE